IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY VARGO, *individually and* BELLA CAPELLI ACADEMY, LLC, *by Anthony Vargo, a Member*,<br>    Plaintiffs,<br><br>v.<br><br><br><br><br>PAUL G. DESABATO, ANTHONY V. DESIMONE, NICHOLAS D'AMICO, EUGENE G. SCIULLI, BENJAMIN M. PUSATERI, SR. AND BELLA CAPELLI ACADEMY, LLC,<br>    Defendants. | Civil Action No. 10-1164<br>United States District Judge<br>Arthur J. Schwab<br>United States Magistrate Judge<br>Cynthia Reed Eddy |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons set forth below, this Court respectfully recommends that the District Court grant Plaintiff Anthony Vargo's Motion to Confirm Arbitration Decision and Enter Judgment (ECF No. 44) on the Damages Award rendered in the most recent arbitration on determination of damages, but without the addition of the names of every defendant and the "jointly and severally" language Mr. Vargo suggests the Court include in its Judgment Order.

**II.    REPORT**

On or about June 24, 2011, United States District Judge William L. Standish entered an Order remanding the case "to Arbitration as provided in the Bella Capelli Academy, LLC Operating Agreement executed by the parties," (ECF No. 38), and an

1

Order statistically closing the case for administrative purposes. (ECF No. 39) According to the Application to Confirm, "an Arbitration hearing was held before Arbitrator Harry M. Paras on the issue of liability only[ ] [but the] parties agreed that Mr. Paras would also hear the damage portion of the case, if necessary." Plaintiff further alleged that the Arbitrator rendered a ruling on liability, that over 30 days had elapsed since the Award was delivered to the parties, that "no application to modify, vacate or correct the Award has been made," and that Defendants had repeatedly denied Plaintiff's requests "to provide financial records relevant and necessary to the continued Arbitration." Application to Confirm (ECF No. 41), at ¶¶ 6, 8, 10.

Upon filing the Application to Confirm, the case was assigned to this Court on January 15, 2013, and the Court directed a response by February 8, 2013. No response was filed and after careful review of the Application to Confirm and attachments thereto, in the absence of any response from Defendants, and in light of Judge Standish's previous ruling, this Court had no doubt that Plaintiff's Application to Confirm and the relief requested therein should be granted.

Accordingly, this Court recommended that the Arbitrator's Findings and Decisions Regarding Liability Only be confirmed, that the parties be directed to submit the damages issue to the Arbitrator within 60 days, and that the Court retain jurisdiction to enforcement the Arbitrator's decision.

On March 5, 2013, United States District Judge Arthur J. Schwab adopted the Report and Recommendation as the opinion of the Court, and entered an Order granting the Application to Confirm Arbitration Decision on Liability.

The pending Motion to Confirm Arbitration Decision and Enter Judgment indicates that a damage arbitration hearing was held on April 22, 2013, and on May 1, 2013, Arbitrator Paras issued his "Findings and Award Regarding Damages" which awarded $213,973.54 in favor of Plaintiff Anthony Vargo and against all Defendants. Plaintiff's Motion to Confirm Arbitration Decision and Enter Judgment (ECF No. 44), ¶7. The Arbitration Award actually states "this Arbitrator enters an Award in Anthony Vargo's favor and against the Defendants in the amount of $213,973.54." Exhibit 4, Award (ECF No. 44-4), at 6.

Defendants' Response to the Motion to Confirm objects only to the extent that Plaintiff's Proposed Judgment Order adds the names of each defendant and the "jointly and severally" language suggested by Plaintiff Vargo. Defendants' Response to Plaintiff's Motion to Confirm Arbitration Decision and Enter Judgment, (ECF No. 45). Defendants' Proposed Judgment Order would confirm the Award, and enter Judgment "in the amount of $213,973.54 . . . in favor of Plaintiff Anthony Vargo and against Bella Capelli Academy, LLC only." Proposed Order, (ECF No. 45) at 32 of 32.

The Court agrees with defendants that the addition of each defendant's name and the "jointly and severally" language would be an unwarranted modification of the Award, but so would the addition of "against Bella Capelli Academy, LLC only." The Award

should therefore be confirmed pursuant to the Uniform Arbitration Act, 42 Pa.C.S.A. § 7313, but as written by Arbitrator Paras, without either side's suggested embellishment.

### III. CONCLUSION

It is respectfully recommended that the Arbitration Award be confirmed, and that Judgment be entered "in Anthony Vargo's favor and against the Defendants in the amount of $213,973.54." In the event the parties are uncertain of the Arbitrator's precise intent regarding apportionment of damages amongst the defendants and are unable to reach agreement, they are at liberty to seek clarification from Arbitrator Paras.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, Objections to this Report and Recommendation are due within 14 days. Failure to timely file Objections will constitute waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel